UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CRAIG BELIN,

       Plaintiff,

vs.           16-CV-1478

FULTON COUNTY JAIL,

       Defendant.

MERIT REVIEW ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

    In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has held a merit review hearing in order to give plaintiff a chance to personally explain his claims to the court.

    Plaintiff alleges that he was placed in disciplinary segregation from the middle of August 2016 until December 16, 2016, following an altercation he had with another inmate. Plaintiff alleges he was informed secondhand that Defendant LaFary brought the charges against him and that the plaintiff was never provided with a hearing. Plaintiff alleges that he lost all privileges while in segregation.

    Plaintiff's complaint appears to allege a Fourteenth Amendment procedural due process claim for the alleged failure to provide plaintiff with hearing prior to his confinement in segregation. Plaintiff, however, is not entitled to the procedural protections of the due process clause unless the conditions he endured in segregation imposed an "atypical and significant hardship" in relation to ordinary conditions of confinement. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002) (a prisoner may not create a federal claim "by citing small, incremental

deprivations of physical freedom."). Plaintiff alleges that he was placed on 23-hour lockdown while in segregation, that he lost commissary privileges, and that he was not allowed visitation. Plaintiff provides no allegations regarding the conditions he experienced before he went to segregation. Therefore, the Court will grant Plaintiff an opportunity to provide more information.

In addition, Plaintiff fails to name any proper defendants. The sole defendant named in plaintiff's complaint is the Fulton County Jail. The jail is not a "person" amenable to suit under Section 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993)(holding the Cook County Jail was not a person under Section 1983). Plaintiff must specifically identify the individuals responsible for the alleged constitutional violations in any amended complaint.

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within forty-five (45) days of this order, that states with specificity (1) the name of the individuals who deprived plaintiff of his constitutional rights, (2) what each of those individuals did or did not do in the alleged deprivation, and (3) describe the conditions he experienced prior to being sent to segregation. The plaintiff's amended complaint shall completely replace his original complaint and will stand on its own without reference to or reliance upon his original complaint. If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, his case may be dismissed. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

2. Plaintiff's Motions for Counsel [4][6] are denied with leave to renew. Plaintiff states that he reached out to attorneys, but has not provided any support for that allegation. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (a plaintiff must show that he made a reasonable attempt to obtain counsel on his own). A plaintiff typically does so by providing copies of letters sent to attorneys, and copies of any responses received.

3. Plaintiff's Motion for Leave to File an Amended Complaint [7] and Petition to Proceed *in forma pauperis* [9] are denied as moot.

Entered this 2nd day of February, 2017.

/s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE